UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TONY RAY LEWIS, Jr.,

    Petitioner,

vs.

TIM VIRGA,

    Respondent.

                       /

No. C 13-1074 PJH (PR)

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at California State Prison-Sacramento has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Alameda County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner was ordered to show cause why the petition should not dismissed as untimely and he has filed a response. Out of an abundance of caution, this petition will be served on respondent.

## BACKGROUND

Petitioner was sentenced to life with the possibility of parole on January 21, 2003. Petition at 2. His direct appeal ended on January 14, 2004, and petitioner includes a California Supreme Court denial of a petition for writ of habeas corpus on April 19, 2006. *Id.* at 11, 13. Petitioner has filed five previous habeas petitions with this court all of which were dismissed without prejudice, several for failure to exhaust.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts: (1) the trial court communicated with the jury during deliberations without counsel present; (2) counsel failed to object to the communications between the trial court and jury; (3) improper closing argument by the prosecution; (4) the trial court failed to provide a lesser included jury instruction; and (5) ineffective assistance of appellate counsel. Liberally construed, these claims are sufficient to require a response. The petition may well be untimely and respondent may respond to this order with a motion to dismiss.

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

2

to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:   May 31, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Lewis1074.osc.wpd

3