UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TONY RAY LEWIS, Jr.,

    Petitioner,

vs.

TIM VIRGA,

    Respondent.

No. C 13-1074 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations and is procedurally defaulted. Petitioner has not filed an opposition or otherwise communicated with the court. For the reasons that follow, the motion will be granted.

## DISCUSSION

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral

review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A).  "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

Petitioner was sentenced on several counts in Alameda County to a twenty-year term on January 21, 2003.  Motion to Dismiss (MTD), Ex. 1 at 6.  On October 31, 2003, the California Court of Appeal affirmed the judgment.  *Id.*  The California Supreme Court denied review on January 14, 2004.  Ex. 2, 3.  Petitioner had ninety days to file a petition for a writ of certiorari with the Supreme Court.  *See Bowen*, 188 F.3d at 1159.  He did not.  Thus, petitioner's one-year limitations period began to run on April 13, 2004, and expired on April 13, 2005.  See 28 U.S.C. § 2244(d)(1).  The instant federal petition filed on March 8, 2013, is untimely absent tolling.

Petitioner filed a state habeas petition in the Alameda County Superior Court on January 24, 2005, that was denied on January 28, 2005.  Ex. 8; Pet. at 77.  Another petition was filed in the Alameda County Superior Court on March 3, 2005, that was denied on March 9, 2005.  Ex. 9; Ex. 5 at 6.  Petitioner filed a state habeas petition in the California Court of Appeal on March 22, 2005, that was denied on April 25, 2005.  Ex. 4.  Petitioner then filed a habeas petition with the California Supreme Court on May 10, 2005, that was

denied on April 19, 2006.  Ex. 5-6.

More than four years after the California Supreme Court denied his habeas petition, petitioner filed a federal habeas petition in this court on October 14, 2010.  *See Lewis v. Virga*, No. C 10-4649 PJH (PR).  That case was dismissed on July 23, 2012, for failure to exhaust.  Petitioner filed the instant federal petition on March 8, 2013.

Assuming that petitioner would be entitled to statutory tolling for the time that all his state habeas petitions were pending, this case would still be untimely.  The cases were pending in state court for nearly fifteen months, yet the first federal petition was not filed until four years after the last state petition was denied, and the instant petition was filed even later.  Thus, the petition is untimely.

While petitioner has not filed an opposition to the motion to dismiss, the court notes that petitioner was previously ordered to show cause as to why the action should not be dismissed as untimely, and he filed a response.  Docket No. 8.  Even construing the response as an opposition to the motion to dismiss, the case must still be dismissed.  Petitioner states that he relied on others to help him because he suffered from a mental disability and is illiterate.  Petitioner provides no more information regarding the mental disability, and a pro se petitioner's lack of legal sophistication or illiteracy alone is not an extraordinary circumstance to justify equitable tolling.  *See Stancle v. Clay*, 692 F.3d 948, 952, 959 (9th Cir. 2012); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Baker v. Cal. Dep't of Corr.*, 484 Fed. Appx. 130, 131 (9th Cir. 2012) .  Moreover, the claims in the instant petition are substantially similar to the claims he presented in his petition to the California Supreme Court that was denied in 2006, and petitioner fails to explain why there was a several year delay to present the same claims in federal court.  For all these reasons, this case is dismissed as untimely.[1]

---

[1] As the petition is untimely by many years, the court will not address the procedural default argument.

3

**CONCLUSION**

Respondent's motion to dismiss (Docket No. 15) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claims because reasonable jurists would not find the court's findings debatable.

4

The court therefore DENIES a COA.

**IT IS SO ORDERED.**

Dated: June 19, 2014.

                                      PHYLLIS J. HAMILTON
                                      United States District Judge

G:\PRO-SE\PJH\HC.13\Lewis1074.mtd.wpd